UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ARC OF CALIFORNIA; UNITED CEREBRAL PALSY ASSOCIATION OF SAN DIEGO,<br><br>        Plaintiffs,<br><br>    v.<br><br>TOBY DOUGLAS, in his official capacity as Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICE; TERRI DELGADILLO, in her official capacity as Director of the California Department of Developmental Services; CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES; and DOES 1-100, inclusive,<br><br>        Defendants. | No. 2:11-cv-02545-MCE-CKD<br><br><br><br><br>**ORDER STAYING PROCEEDINGS** |

----oo0oo----

///
///
///
///
///

1

1    Defendants David Maxwell-Jolly, Director of the California
2 Department of Health Care Services, the California Department of
3 Health Care Services ("DHCS"), Terri Delgadillo, Director of the
4 California Department of Developmental Services, and the
5 California Department of Developmental Services ("DDS") have
6 filed an ex parte application for stay of the instant proceedings
7 on grounds that pending decisions both from the Supreme Court, as
8 well as new regulations expected to be promulgated in December
9 2011 by the Centers for Medicare and Medicaid ("CMS"), may
10 substantially resolve the issues underlying this lawsuit within
11 the next four months.  As set forth below, the Court concludes
12 that good cause has been demonstrated for the requested stay.
13    As the Supreme Court has long noted, "the power to stay
14 proceedings is incidental to the power inherent in every court to
15 control the disposition of the causes on its docket with economy
16 of time and effort for itself, for counsel, and for litigants."
17 Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).  In order to
18 foster both its own efficiency and in fairness to the parties, a
19 court may properly stay an action pending the resolution of
20 independent proceedings which bear upon a case.  Leyva v.
21 Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir.
22 1979).
23    The present matter, like many other cases pending before the
24 Supreme Court, the Ninth Circuit and the Central and Eastern
25 Districts of California, challenges Medi-Cal reimbursement rates
26 on grounds that such rates run afoul of the requirements of
27 Section 30(A) of the Medicaid Act, 42 U.S.C. § 1396a(30)(A).
28 ///

2

1  Plaintiffs specifically claim that Section 30(A) was violated by
2  1) failing to obtain federal approval before modifying
3  reimbursement rates; 2) implementing and enforcing reduction in
4  payments with adequate study as to the impact of such reductions
5  on efficiency, economy, quality of care and access to care;
6  3) failing to consider the impact of reimbursement reductions on
7  home-and-community-based-services ("HCBS") financed by federal
8  Medicaid funds; and 4) failing to conduct or consider appropriate
9  rate studies when modifying reimbursement rates.  See Pls.'
10 Compl., 8:14-20.

   Fundamental to Plaintiffs' claims is whether private parties
12 like Plaintiffs herein can enforce Section 30(A) under a
13 Supremacy Clause cause of action, since the Ninth Circuit has
14 recently confirmed that a Section 1983 action may not be brought
15 to challenge a state's alleged violation of the Medicaid Act.
16 Developmental Services Network v. Douglas, 2011 WL 5966363 (9th
17 Cir. Nov. 30, 2011) at *4.  The availability of a Supremacy
18 Clause challenge is squarely before the Supreme Court in the
19 consolidated cases of Maxwell-Jolly v. Independent Living Center
20 of Southern California, No. 09-958 (U.S. Feb. 26, 2010)
21 ("Independent Living"), Maxwell-Jolly v. California Pharmacists
22 Ass'n, No. 09-1158 (U.S. March 24, 2010) ("California
23 Pharmacists"), and Maxwell-Jolly v. Santa Rosa Memorial Hospital,
24 et al., No. 10-283 (U.S. Aug. 27, 2010).  Counsel for Defendants
25 represent that oral argument before the Supreme Court in these
26 matters was heard on October 3, 2011, with a decision expected in
27 the next four months.
28 ///

1    In addition, whether Defendants must conduct a study of
2 health care provider costs as part of their obligations under
3 Section 30(a), a violation Plaintiffs also assert was committed
4 by Defendants, is expected to be resolved by CMS through issuance
5 of a final rule in that regard expected in December 2011.
6    Given the fact that both the Supreme Court and CMS will
7 apparently be providing key guidance on both issues shortly, and
8 since the Supreme Court's decision in particular may well dictate
9 whether Plaintiffs have standing to pursue this lawsuit in the
10 first place, a stay pending the aforementioned determinations is
11 in the interest of justice and necessary to avoid the waste of
12 this Court's and the parties' continued resources– a waste that
13 would occur through adjudication of further motion practice and
14 pretrial proceedings that may be rendered moot, either in whole
15 or in part, by said decisions.
16    Significantly, a stay determination in this regard is
17 consistent with findings made by other courts.  The Ninth Circuit
18 has stayed several of its Chapter 30(A) cases, including <u>Cal.
19 Hosp. Ass'n v. Maxwell-Jolly</u>, No. 10-55462, pending guidance from
20 the Supreme Court.  At least three Central District cases have
21 done the same.  <u>See</u> Defs.' Ex Parte Application, 9:5-11.
22    While Plaintiffs oppose any stay on grounds that the subject
23 reductions will adversely impact the disabled, it appears that
24 the reductions at issue have been in effect at least a year, and
25 in some cases much longer.
26 ///
27 ///
28 ///

4

Consequently, particularly given what appears to be the imminent nature of the Supreme Court's decision as well as new CMS regulations which are expected literally within two weeks, a stay under the circumstances appears warranted.

This Court accordingly orders that the above-entitled case be stayed for all purposes during the pendency of the issues before the Supreme Court, as enumerated above, and pending final rules from CMS regarding Chapter 30(a), as expected in December of 2011. Given that stay, Plaintiffs' Motion for Preliminary Injunction (ECF No. 7) is denied, without prejudice to being reinstituted when the instant stay is limited. In addition, Defendants' Motion to Dismiss (ECF No. 23) is similarly denied without prejudice subject to the same condition. Defendants have no further obligation to respond to Plaintiffs' Complaint during the pendency of the stay.

The parties are directed to file a joint status report within sixty (60) days following the date of this Order, or upon the disposition of the matters set forth above, whichever occurs first.

IT IS SO ORDERED.

Dated: December 13, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5