UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE ARC OF CALIFORNIA;
UNITED CEREBRAL PALSY
ASSOCIATION OF SAN DIEGO,           No. 2:11-cv-02545-MCE-CKD

      Plaintiffs,

  v.                                  **ORDER**

TOBY DOUBLAS, in his official
capacity as Director of the
California Department of
Health Care Services;
CALIFORNIA DEPARTMENT OF
HEALTH CARE SERVICE; TERRI
DELGADILLO, in her official
capacity as Director of the
CALIFORNIA DEPARTMENT OF
DEVELOPMENTAL SERVICES; and
DOES 1-100, inclusive,

      Defendants.

----oo0oo----

    By Order filed December 15, 2011, this Court stayed the
instant proceedings given an impending decision from the United
States Supreme Court.

///

///

///

1

Defendants argued the decision in that case would determine
whether Plaintiffs had standing to pursue this lawsuit, which
seeks to enjoin and prohibit the implementation of several
payment reductions to providers of services for persons with
developmental disabilities in California.

In addition to the expected Supreme Court decision,
Defendants further argued that the Centers for Medicare and
Medicaid ("CMS") were expected to finalize new regulations,
literally within a matter of weeks, that could substantially
resolve many of the issues presented by this litigation.

On August 22, 2012, at the request of Plaintiffs, this Court
lifted the stay on grounds 1) that the Supreme Court's
anticipated decision in Douglas v. Independent Living Center of
Southern California, 132 S. Ct. 1204 (2012), issued on
February 22, 2012 did not provide the expected guidance with
respect to this litigation; and 2) that new CMS regulations,
which had initially been expected in December of 2011, had still
not been promulgated. The Court's order authorized Plaintiffs to
take up to three depositions of Defendants' personnel, for
purposes of the previously requested preliminary injunctive
relief, within 45 days.

On August 27, 2012, Defendants filed a request for
reconsideration of the Court's August 22, 2012 lifting the
previously imposed stay.  Defendants chiefly contend that CMS, in
fact, approved the Home Community and Home Based Services
("HCBS") waiver program on March 26, 2012.

///

///

1  That alleged waiver, however, occurred well before the stay was

2  lifted, and Defendants have already posited the argument that

3  such approval was tantamount to actual approval of the challenged

4  cuts.  <u>See</u> ECF No. 40, 4:2-16.  Nevertheless, Defendants contend

5  that said waiver amounts to "changed circumstances" making

6  <u>Douglas</u> directly applicable to this matter in a way it was not

7  beforehand.  Defendants urge the Court to reconsider their ruling

8  accordingly.

9        Plaintiffs, on the other hand, argue that despite approval

10  of the waiver program, Defendants have still not submitted a

11  State Plan amendment concerning the challenged cuts, and that,

12  accordingly, there has been no approval of any such amendment

13  that would bear directly on the applicability of <u>Douglas</u>.  That

14  argument was made previously and was noted in the Court's

15  previous August 22, 2012 Order.  (ECF No. 48, 3-4).

16        A court should not revisit its own decisions unless

17  extraordinary circumstances show that its prior decision was

18  wrong.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S.

19  800, 816, 108 S. Ct. 2166 (1988).  Reconsideration may be

20  appropriate if the district court 1) is presented with newly

21  discovered evidence; 2) has committed clear error or issued an

22  initial decision that was manifestly unjust; or 3) is presented

23  with an intervening change in controlling law.  <u>See</u> <u>Turner v.</u>

24  <u>Burlington N. Santa Fe R.R. Co.</u>, 338 F.3d 1058, 1063 (9th Cir.

25  2003); <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>,

26  5 F.3d 1255, 1263 (9th Cir. 1993)(citations and quotations

27  omitted).

28  ///

Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Ayala v. KC Envtl. Health, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (emphasis in original) (internal citations omitted). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are accordingly not sufficient. Reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., supra, 338 F.3d at 1063.

Here Defendants have failed to demonstrate that this matter comes within the very limited scenarios under which reconsideration may be indicated. State Plan amendment of the challenged cuts has still not occurred, and accordingly the present application is little more than a rehash of the same arguments the Court has already addressed. Moreover, as indicated above, Defendants already argued in opposition to Plaintiffs' original request to lift the stay the very same argument that underscores their renewed request that the Court revisit the issue by way of reconsideration.

///

///

4

1  Reconsideration is not appropriate under the circumstances, and

2  Defendants' Motion for Reconsideration (ECF No. 49) is DENIED.[1]

3      In addition to moving for reconsideration, Defendants also,

4  on September 27, 2012, filed an "Emergency" Ex Parte Application

5  for yet another stay, this time with respect to any discovery

6  occurring before the Court's ruling on Defendants' Renewed Motion

7  to Dismiss, which currently is set to be heard on November 1,

8  2012.  As already indicated above, the Court authorized, in its

9  August 22, 2012 Order, limited discovery at the time it lifted

10 the previously imposed stay.  Defendants nonetheless contend that

11 said court-authorized discovery should be held in abeyance

12 pending the motion to dismiss.

13     The discovery at issue was ordered by the Court on

14 August 22, 2012, and is limited in scope, having been requested

15 by Plaintiffs in connection with their potential renewal of a

16 motion for preliminary injunction.  The discovery was ordered to

17 take place within 45 days of the Court's order, which means that

18 the depositions now scheduled for October 3, 4 and 5 were

19 scheduled at the very end of that period.  Defendants nonetheless

20 did not take any action to halt the scheduled discovery for well

21 over a month and less than a week before the depositions were

22 scheduled to commence.

23 ///

24

25 [1] While the Court notes that Plaintiffs also argue that certain of the rate reduction provisions have sunset provisions,

26 that argument does not render the matter moot since additional payment reductions, albeit at different percentages, has already been enacted according to Defendants, and some of the challenged

27 provisions are not subject to sunset in any event.  See Opp., pp. 5-6.  Moreover, certain of the challenged cuts have no sunset

28 provisions whatsoever.

In addition, according to Plaintiffs' September 28, 2012 opposition to the "emergency" ex parte application, substantial agreement has already been reached as to the parameters of the scheduled depositions.  Significantly, Plaintiffs have filed no reply challenging those assertions.

Under these circumstances the Court declines to stay the scheduled depositions, and Defendant's Emergency Ex Parte Application (ECF No. 55) is also DENIED.

IT IS SO ORDERED.

Dated: October 3, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE