UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ARC OF CALIFORNIA; UNITED CEREBRAL PALSY ASSOCIATION OF SAN DIEGO, | No. 2:11-cv-02545-MCE-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| TOBY DOUBLAS, in his official capacity as Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICE; TERRI DELGADILLO, in her official capacity as Director of the CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES; and DOES 1-100, inclusive, | |
| Defendants. | |

----oo0oo----

By Order filed December 15, 2011, this Court stayed the instant proceedings given an impending decision from the United States Supreme Court.

///

///

///

1

1  Defendants argued the decision in that case would determine
2  whether Plaintiffs had standing to pursue this lawsuit, which
3  seeks to enjoin and prohibit the implementation of several
4  payment reductions to providers of services for persons with
5  developmental disabilities in California.
6       In addition to the expected Supreme Court decision,
7  Defendants further argued that the Centers for Medicare and
8  Medicaid ("CMS") were expected to finalize new regulations,
9  literally within a matter of weeks, that could substantially
10 resolve many of the issues presented by this litigation.
11      On August 22, 2012, at the request of Plaintiffs, this Court
12 lifted the stay on grounds 1) that the Supreme Court's
13 anticipated decision in Douglas v. Independent Living Center of
14 Southern California, 132 S. Ct. 1204 (2012), issued on
15 February 22, 2012 did not provide the expected guidance with
16 respect to this litigation; and 2) that new CMS regulations,
17 which had initially been expected in December of 2011, had still
18 not been promulgated. The Court's order authorized Plaintiffs to
19 take up to three depositions of Defendants' personnel, for
20 purposes of the previously requested preliminary injunctive
21 relief, within 45 days.
22      On August 27, 2012, Defendants filed a request for
23 reconsideration of the Court's August 22, 2012 lifting the
24 previously imposed stay.  Defendants chiefly contend that CMS, in
25 fact, approved the Home Community and Home Based Services
26 ("HCBS") waiver program on March 26, 2012.
27 ///
28 ///

1  That alleged waiver, however, occurred well before the stay was
2  lifted, and Defendants have already posited the argument that
3  such approval was tantamount to actual approval of the challenged
4  cuts.  See ECF No. 40, 4:2-16.  Nevertheless, Defendants contend
5  that said waiver amounts to "changed circumstances" making
6  Douglas directly applicable to this matter in a way it was not
7  beforehand.  Defendants urge the Court to reconsider their ruling
8  accordingly.
9       Plaintiffs, on the other hand, argue that despite approval
10 of the waiver program, Defendants have still not submitted a
11 State Plan amendment concerning the challenged cuts, and that,
12 accordingly, there has been no approval of any such amendment
13 that would bear directly on the applicability of Douglas.  That
14 argument was made previously and was noted in the Court's
15 previous August 22, 2012 Order.  (ECF No. 48, 3-4).
16      A court should not revisit its own decisions unless
17 extraordinary circumstances show that its prior decision was
18 wrong.  Christianson v. Colt Indus. Operating Corp., 486 U.S.
19 800, 816, 108 S. Ct. 2166 (1988).  Reconsideration may be
20 appropriate if the district court 1) is presented with newly
21 discovered evidence; 2) has committed clear error or issued an
22 initial decision that was manifestly unjust; or 3) is presented
23 with an intervening change in controlling law.  See Turner v.
24 Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir.
25 2003); School Dist. No. 1J, Multnomah County v. ACandS, Inc.,
26 5 F.3d 1255, 1263 (9th Cir. 1993)(citations and quotations
27 omitted).
28 ///

1  Local Rule 230(j) similarly requires a party seeking
2  reconsideration to demonstrate "what new or different facts or
3  circumstances are claimed to exist which did not exist or were
4  not shown upon such prior motion, or what other grounds exist for
5  the motion," and "why the facts or circumstances were not shown
6  at the time of the prior motion."

7  "Motions for reconsideration serve a limited function: to
8  correct manifest errors of law or fact or to present newly
9  discovered evidence."  Ayala v. KC Envtl. Health,
10 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (emphasis in
11 original) (internal citations omitted).  Mere dissatisfaction
12 with the court's order, or belief that the court is wrong in its
13 decision, are accordingly not sufficient.  Reconsideration
14 requests are addressed to the sound discretion of the district
15 court.  Turner v. Burlington N. Santa Fe R.R., supra, 338 F.3d at
16 1063.

17 Here Defendants have failed to demonstrate that this matter
18 comes within the very limited scenarios under which
19 reconsideration may be indicated.  State Plan amendment of the
20 challenged cuts has still not occurred, and accordingly the
21 present application is little more than a rehash of the same
22 arguments the Court has already addressed.  Moreover, as
23 indicated above, Defendants already argued in opposition to
24 Plaintiffs' original request to lift the stay the very same
25 argument that underscores their renewed request that the Court
26 revisit the issue by way of reconsideration.
27 ///
28 ///

4

Reconsideration is not appropriate under the circumstances, and Defendants' Motion for Reconsideration (ECF No. 49) is DENIED.[1]

In addition to moving for reconsideration, Defendants also, on September 27, 2012, filed an "Emergency" Ex Parte Application for yet another stay, this time with respect to any discovery occurring before the Court's ruling on Defendants' Renewed Motion to Dismiss, which currently is set to be heard on November 1, 2012. As already indicated above, the Court authorized, in its August 22, 2012 Order, limited discovery at the time it lifted the previously imposed stay. Defendants nonetheless contend that said court-authorized discovery should be held in abeyance pending the motion to dismiss.

The discovery at issue was ordered by the Court on August 22, 2012, and is limited in scope, having been requested by Plaintiffs in connection with their potential renewal of a motion for preliminary injunction. The discovery was ordered to take place within 45 days of the Court's order, which means that the depositions now scheduled for October 3, 4 and 5 were scheduled at the very end of that period. Defendants nonetheless did not take any action to halt the scheduled discovery for well over a month and less than a week before the depositions were scheduled to commence.

///

---

[1] While the Court notes that Plaintiffs also argue that certain of the rate reduction provisions have sunset provisions, that argument does not render the matter moot since additional payment reductions, albeit at different percentages, has already been enacted according to Defendants, and some of the challenged provisions are not subject to sunset in any event. See Opp., pp. 5-6. Moreover, certain of the challenged cuts have no sunset provisions whatsoever.

5

1  In addition, according to Plaintiffs' September 28, 2012
2  opposition to the "emergency" ex parte application, substantial
3  agreement has already been reached as to the parameters of the
4  scheduled depositions.  Significantly, Plaintiffs have filed no
5  reply challenging those assertions.
6       Under these circumstances the Court declines to stay the
7  scheduled depositions, and Defendant's Emergency Ex Parte
8  Application (ECF No. 55) is also DENIED.
9       IT IS SO ORDERED.

Dated: October 3, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE