1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   THE ARC OF CALIFORNIA; UNITED           No.  2:11-cv-02545-MCE-CKD
     CEREBRAL PALSY ASSOCIATION
12   OF SAN DIEGO,

13                Plaintiffs,                **ORDER**

14        v.

15   TOBY DOUGLAS, in his official
     capacity as Director of the California
16   Department of Health Care Services;
     CALIFORNIA DEPARTMENT OF
17   HEALTH CARE SERVICE; TERRI
     DELGADILLO, in her official capacity
18   as Director of the California
     Department of Developmental
19   Services; CALIFORNIA
     DEPARTMENT OF
20   DEVELOPMENTAL SERVICES; and
     DOES 1-100, inclusive,
21
                  Defendants.
22

23

24        This lawsuit, filed September 28, 2011, challenges several changes California has

25   implemented with respect to its payment for services provided to developmentally

26   disabled individuals under the federally funded Medicaid program.  Plaintiffs are the ARC

27   of California ("ARC") and the Cerebral Palsy Association of San Diego ("CPA").

28   ///

                                            1

1   ARC is a statewide organization comprised of individuals with intellectual and

2   developmental disabilities ("I/DD"), their families, and their home and community-based

3   service providers.   CPA is a non-profit organization serving the needs of individuals with

4   cerebral palsy in San Diego and is affiliated with the national cerebral palsy association.

5   Presently before the Court is Plaintiffs' Motion for Sanctions against Defendants for

6   allegedly failing to comply with the terms of this Court's August 22, 2012 Order, which

7   authorized certain discovery.

8       In December of 2011, shortly after this lawsuit was filed, proceedings were

9   stayed pending the result of several pending cases, as well as several anticipated new

10  regulations from the Centers for Medicare and Medicaid Services ("CMS"), the federal

11  agency responsible for administering Medicaid based programs.   That stay was lifted on

12  August 22, 2012, and authorized Plaintiffs to take certain limited depositions of state

13  officials in anticipation of an expected preliminary injunction request by Plaintiffs.

14  Specifically, the Court's Order (ECF No. 48) directed that Defendants produce

15  knowledgeable individuals for deposition within 45 days.  That 45-day period ran on

16  October 6, 2012.  Defendants, filed a motion for reconsideration of the Court's order but

17  that request, along with an emergency request that the depositions scheduled for

18  October 3-5 be stayed, was denied on October 3, 2012 (ECF No. 58).

19      According to Defendants, in the meantime, numerous issues arose throughout the

20  month of September 2012 with respect to the proper scope of the authorized

21  depositions.  During ongoing discussions with DDS with regard to the deposition of its

22  most knowledgeable individual, James Knight, DDS determined shortly before Knight's

23  deposition was to be held that he was not the appropriate individual to testify about the

24  Lanterman Act and rate-setting issues.   According to Deputy Attorney General Rebecca

25  Armstrong, DDS' Chief Counsel, Hiren Patel, did not disclose this information to her until

26  September 28, 2012, less than a week before Mr. Knight's deposition was scheduled to

27  commence.

28  ///

1   Because of continuing negotiations with respect to the topics to be covered at the

2   upcoming depositions, it appears that Ms. Armstrong failed to immediately notify

3   Plaintiffs' counsel of the change with respect to the scope of Mr. Knight's testimony.

4   Instead, it was only the day before Mr. Knight's deposition was supposed to begin when

5   DDS again confirmed that Knight could not speak to all issues, that attorney Armstrong

6   notified Plaintiffs' counsel of the change in plans.  Because Mr. Hutchinson was not

7   available for a full deposition until the end of October, Ms. Armstrong offered to make

8   him available at that time, or alternatively on October 10, 2012, for a 2-3 hour period.

9   Mr. Hutchinson's schedule, and, in particular, his key role in important budgetary

10  negotiations, made him unavailable in the meantime.  Plaintiffs' counsel objected to any

11  continuance of the PMK deposition.

12      Despite the fact that the parties ultimately agreed to Hutchinson's deposition and

13  although Hutchinson ultimately was deposed at the end of October, Plaintiffs' counsel

14  objected to the change and refused to stipulate to extend the 45-day period, as set forth

15  in your August 22, 2012 Order, to accommodate Hutchinson's schedule.  Plaintiff now

16  moves for sanctions, seeking some $21,525 in additional attorney's fees expended by

17  having to again prepare for the DDS PMK deposition, and for travel costs associated

18  with having to again come to Sacramento for depositions (one of Plaintiffs' counsel has

19  offices in Fresno, the other is based out of Davis).  Plaintiffs claim that the redesignation

20  was inexcusably requested at the last minute and on the heels of the Court's denial of

21  Defendants' emergency motion to stay discovery.

22      As Rebecca Armstrong's deposition details, because of the breadth of the

23  subjects about which Plaintiffs wanted to depose DHCS and DDS representatives,

24  Defendants contend they had tremendous difficulty ascertaining the type of information

25  Plaintiffs sought.   Armstrong Decl., ¶ 4.

26      Under Federal Rule of Civil Procedure 37(b)(2), a court may sanction a party that

27  fails to comply with a discovery order by requiring the offending party to pay attorney's

28  fees and costs incurred by the other side.

3

1    Sanctions are not warranted, however, if the court "finds that the failure was substantially

2    justified or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

3    37(b)(2).  A party meets the "substantially justified" standard when there is a genuine

4    dispute or if reasonable people could differ as to the propriety of the contested action.

5    Pierce v. Underwood, 487 U.S. 552, 565 (1988).  A good faith dispute concerning

6    discovery can constitute substantial justification.  Liew v. Breen, 640 F.2d 1046, 1050

7    (9th Cir. 1981).

8           Plaintiffs contend that under the circumstances the uncertainty concerning the

9    scope of the DDS PMK deposition was not unreasonable.  Further, Defendants contend

10   they brought the issue up with opposing counsel on a timely basis, and that Plaintiffs

11   refused to stipulate to an accommodation in the form of a stipulation extending the

12   45-day period, even though it appears the parties almost immediately agreed to the

13   proposed deposition date of October 30, 2012.  Defendants argue that the short delay in

14   deposing Hutchinson posed no substantial harm to Plaintiffs and certainly does not

15   justify sanctions in excess of $20,000.00.

16          The circumstances of this matter indicate that Defendants had a relatively short

17   window of time to designate and produce PMKs for deposition, and the scope of those

18   depositions appears to have been in major dispute.  There is no indication here that

19   defense counsel acted in bad faith, and once the PMK redesignation became necessary,

20   counsel made every effort to be accommodating.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4

1    The Court accordingly finds, in its discretion following a careful review of the papers

2    submitted both in support of and in opposition to the instant Motion, that it would be

3    unjust to award sanctions as a result of defense counsel's conduct in this instance.

4    Plaintiffs' Motion for Sanctions (ECF No. 59) is accordingly DENIED.

5         IT IS SO ORDERED.

6    Dated:  June 27, 2013

7

8

9                                    _____
                                     MORRISON C. ENGLAND, JR., CHIEF JUDGE
10                                   UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28