KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
NIROMI W. PFEIFFER, State Bar No. 154216
Supervising Deputy Attorney General
REBECCA ARMSTRONG, State Bar No. 227452
GRANT LIEN, State Bar No. 187250
Deputy Attorney General
　1300 I Street, Suite 125
　P.O. Box 944255
　Sacramento, CA 94244-2550
　Telephone: (916) 327-6749
　Fax: (916) 324-5567
　E-mail: Grant.Lien@doj.ca.gov
*Attorneys for Defendants Department of Developmental Services and Department of Health Care Services*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE ARC OF CALIFORNIA; UNITED CEREBRAL PALSY ASSOCIATION OF SAN DIEGO,**<br><br>Plaintiffs,<br><br>v.<br><br>**TOBY DOUGLAS, in his official capacity as Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICE; TERRI DELGADILLO, in her official capacity as Director of the California Department of Developmental Services; CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES; and DOES 1-100, inclusive,**<br><br>Defendants. | 2:11-cv-02545-MCE-CKD<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, through their respective counsel, hereby stipulate to entry of the following protective order:

1.  By this Stipulation, the parties intend to protect the personal, confidential information of individual consumers, family members and/or providers who may be identified or whose personal information may be obtained or provided in discovery in this action. For purposes of this protective order, "Confidential Information" includes, but is not limited to all "information and records" referenced in Cal. Welfare & Institutions Code § 4514, as well as all "personally identifying information" as defined by OMB Memo M-07-16 (2007) and protected by the Privacy Act of 1974, and also includes "protected health information" as defined by the Health Insurance Portability and Accountability Act (HIPAA) at 45 CFR § 160.103.  The parties do not generally intend this protective order to extend to matters of public record, with the exception that any filings containing or referring to matters of public record shall comply with this Court's redaction rules and Rule 5.2 of the Federal Rules of Civil Procedure.

2.  All unredacted documents containing Confidential Information and their contents may only be disclosed to and used by the parties and their counsel, their agents, consultants/experts, and employees, and the Court for purposes of this litigation.

3.  The parties and their counsel shall ensure that their respective agents, consultants/experts, and employees abide by the provisions of this protective order.  The parties further agree and acknowledge that any deliberate violation of the terms of this protective order by any party and/or their counsel or their agents, consultants/experts, and employees may subject the party to monetary and/or evidentiary sanctions, in the sound discretion of the Court.

4.  The filing of any unredacted document containing Confidential Information in Court shall be made under seal.  Requests to seal documents shall be made pursuant to the provisions of Local Rule 141.  Any other document filed with the Court shall be redacted as necessary and appropriate so as to protect the identity of individual consumers, family members and/or providers, and all Confidential Information contained within such document.

5.  By stipulating to entry of this protective order, no party waives any objection to producing any document or its contents.  Similarly, no party waives any objection to use in evidence of any documents and their contents, provided that confidentiality of the Confidential

2

[Proposed] Stipulated Protective Order (2:11-cv-02545-MCE-CKD)

1  Information is maintained in the use of any documents and their contents in evidence in this
2  action.
3      6.  In the event of a disagreement regarding the applicability of the protective order to any
4  particular Confidential Information, the parties agree to meet and confer in good faith in an
5  attempt to resolve the disagreement.  The protective order shall apply to the disputed contents of
6  the document while the parties are attempting to resolve such disagreement.  In the event the
7  parties are unable to resolve a disagreement regarding the contents of a specific document, any
8  party may challenge the applicability of the protective order to the disputed information contained
9  in such document by making a request to the Magistrate.  Until the Magistrate rules on the request,
10 the protective order shall continue to apply to the disputed information and the information shall
11 be redacted in any filings with the Court.

Dated:  July 30, 2014          /s / Grant Lien
                               GRANT LIEN
                               Attorneys for Defendants Department of Developmental
                               Services and Department of Health Care Services

Dated:  July 30, 2014          /s/ Chad Carlock
                               CHAD CARLOCK
                               Attorneys for Plaintiffs the Arc of California and
                               United Cerebral Palsy Association of San Diego

Dated:  July 30, 2014          /s / William McLaughlin
                               WILLIAM MCLAUGHLIN II
                               Attorneys for Plaintiffs the Arc of California and
                               United Cerebral Palsy Association of San Diego

**ORDER**

The parties' stipulated protective order was considered by this Court, and good cause appearing, IT IS SO ORDERED.

Dated: July 31, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE