UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ARC OF CALIFORNIA; UNITED CEREBRAL PALSY ASSOCIATION OF SAN DIEGO,<br><br>Plaintiffs,<br><br>v.<br><br>TOBY DOUGLAS, in his official capacity as Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; TERRI DELGADILLO, in her official capacity as Director of the California Department of Developmental Services; CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:11-cv-02545-MCE-CKD<br><br>**ORDER** |

Plaintiffs the ARC of California ("ARC") and the Cerebral Palsy Association of San Diego ("CPA") (collectively "Plaintiffs") challenge several changes the State of California implemented with respect to how it pays for services provided to developmentally disabled individuals under the federally funded Medicaid program. ARC is a statewide organization comprised of individuals with intellectual and developmental disabilities, their families, and their home and community-based service providers. CPA is a non-

profit organization serving the needs of individuals with cerebral palsy in San Diego and is affiliated with the national cerebral palsy association. Defendants California Department of Health Care Services and the California Department of Developmental Services (collectively "Defendants" or "the State") are both involved in administering the provision of support to disabled individuals.

On October 10, 2014, Plaintiffs moved for partial summary judgment as to their First Claim.[1] In their First Claim, Plaintiffs allege that Defendants violated the provisions of the Medicaid Act, 42 U.S.C. § 1396(a)(30)(A) ("Section 30(A)"), by reducing certain payments to the providers of community-based services to the disabled. Plaintiffs contend that because Defendants' reimbursement reductions failed to comply with the Medicaid requirements, they were patently invalid and accordingly had to be enjoined. Specifically, Plaintiffs sought to enjoin California from continuing to enforce certain mandatory unpaid holidays for providers by way of a "uniform holiday schedule." Plaintiff further sought to prevent the State from continuing to implement its so-called "half day billing" rule, which prevents providers from being reimbursed for a full day of services should a client elect to leave early for whatever reason.

By Memorandum and Order filed February 13, 2015 (ECF No. 185), Plaintiffs' partial motion for summary judgment was granted. The Court reasoned that the Ninth Circuit's decision in <u>ARC of California v. Douglas, et al.</u>, 757 F.3d 975 (9th Cir. 2014) (which overruled a previous decision reached in this matter) mandated a permanent injunction preventing Defendants' reimbursement practices from remaining in effect.

It is undisputed that Defendants failed to appeal the Court's decision and that the Court's ruling consequently became final on or about March 16, 2015. Despite that failure to appeal, Defendants filed the instant Motion to Vacate (ECF No. 186) on April 15, 2015. Defendants seek to vacate the permanent injunction and partial summary

---

[1] While Plaintiffs allege various claims under both federal and state law, the present Motion pertains only to Plaintiffs' Medicaid Act claims as set forth in the First Claim for Relief.

judgment in Plaintiffs' favor, and go so far as to ask the Court to dismiss the Medicaid Act claim upon which Plaintiffs were granted summary judgment.

Defendants base their argument on a decision from the United States Supreme Court filed on March 31, 2015, fifteen days after this Court granted partial summary judgment as to Plaintiffs' Medicaid Act claim. That decision, Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378 (2014), held that the Supremacy Clause of the United States Constitution does not confer a private right of action to compel compliance with Section 30(A) of the Medicaid Act, and that federal courts therefore lack jurisdiction to issue an injunction compelling such compliance. The Court reasoned that "[t]he sheer complexity associated with enforcing § 30(A), coupled with the express provision of an administrative remedy, § 1396, shows that the Medicaid Act precludes private enforcement of § 30(A) in the courts." Id. at 1385. Under Federal Rule of Civil Procedure 60(b)(5) and (6)[2], Defendants urge the Court to vacate the partial summary judgment and permanent injunction on grounds that this Court's previous decision was accordingly "not based on good law." Defs.' Mot., 3: 4-5.

Plaintiffs concede that had Defendants timely appealed the Court's February 13, 2015 Memorandum and Order, and had the appeal remained pending at the time the Supreme Court decided Armstrong, the Ninth Circuit "would have been obligated to reverse." Pls.' Opp'n at 7: 21-23. But it is just as undisputed that Defendants elected not to appeal, and that the Armstrong decision was not filed until two weeks after the time to appeal this Court's decision had expired. As Plaintiffs point out, Defendants were well aware that Armstrong was pending before the United States Supreme Court. In fact, Defendants went so far as to file a request to stay this case pending a decision in Armstrong. See ECF No. 185 at 10:18-11:12.

Under the doctrine of law of the case, final orders and judgments are generally final and binding on the parties thereto, and the doctrines of res judicata and collateral

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1  estoppel attach to such decisions.  See, e.g., Arizona v. California, 460 U.S. 605 (1983).
2  The Ninth Circuit recognizes a heavy presumption as to the finality of orders.  See, e.g.,
3  Flores v. Arizona, 516 F.3d 1140, 1163 (9th Cir. 2008).  For example, a party seeking to
4  vacate or modify a final order or injunction  under Rule 60(b)(6) (one of the subsections
5  relied upon by Defendants in seeking relief herein) must demonstrate "extraordinary
6  circumstances" that would justify doing so.  See, e.g., Liljeberg v. Health Servs. Corp.,
7  486 U.S. 847, 863 n.11 (1988).  A change in law subsequent to a decision does not
8  necessarily constitute such an extraordinary circumstance.  See Phelps v. Alamedia, 569
9  F.3d 1120, 1135-36 (9th Cir. 2009).  Moreover, a Rule 60(b) motion to vacate is not a
10 substitute for an appeal.  De Fillippis v. United States, 567 F.3d 341, 342 (1981), citing
11 Ackermann v. United States, 340 U.S. 193, 198 (1950).
12     The Motion to Vacate plainly fails as to the Court's decision finding that existing
13 reimbursement practices violated the Medicaid Act and that the so-called "uniform
14 holiday schedule" and "half-day billing rule" therefore had to be enjoined.  When the
15 Court issued its Order precluding the implementation of those existing practices, it had
16 jurisdiction and legal authority to do so.  The decision from the Supreme Court to the
17 contrary came after the deadline to appeal passed and the Order became final.
18     The Court's ability to preclude any other similar reimbursement practices in the
19 future may, however, be precluded by Armstrong.  Orders having explicit prospective
20 application can be altered under Rule 60 as a result of subsequent changes in law that
21 make such prospective application improper.  Agostini v. Felton, 521 U.S. 203, 239
22 (1997).
23     In its February 13, 2015 Memorandum and Order, in addition to enjoining the
24 existing reimbursement practices, the Court went on to provide as follows:  "The State is
25 further enjoined from making any future changes to payments [received] by providers
26 without complying that the requirements of [§ 30(A)] and demonstrating that approval
27 has been obtained from the Center for Medicaid Services."  ECF No. 185 at 11:24-27.
28 To the extent that this language operates to enjoin practices allegedly running afoul of

Section 30(A) on a prospective basis, it is clear the Court lacks jurisdiction to do so. Thus, the cited language from the Order is improper and should be stricken.

Accordingly, Defendants' Motion to Vacate (ECF No. 186) is DENIED with the exception that the language quoted in the preceding paragraph from the Court's February 13, 2015 Memorandum and Order is hereby stricken.

IT IS SO ORDERED.

Dated: August 31, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT