UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ARC OF CALIFORNIA; UNITED CEREBRAL PALSY ASSOCIATION OF SAN DIEGO,<br><br>Plaintiffs,<br><br>v.<br><br>TOBY DOUGLAS, in his official capacity as Director of the California Department of Health Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; TERRI DELGADILLO, in her official capacity as Director of the California Department of Developmental Services; CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES; and DOES 1-100, inclusive,<br><br>Defendants. | No.  2:11-cv-02545-MCE-CKD<br><br>**ORDER** |

By way of this lawsuit, Plaintiffs the ARC of California ("ARC") and the Cerebral Palsy Association of San Diego ("CPA") (collectively "Plaintiffs") challenged several changes the State of California implemented with respect to how it pays for services provided to developmentally disabled individuals under the federally funded Medicaid program.  ARC is a statewide organization comprised of individuals with intellectual and developmental disabilities, their families, and their home and community-based service

providers. CPA is a non-profit organization serving the needs of individuals with cerebral palsy in San Diego and is affiliated with the national cerebral palsy association. Defendants California Department of Health Care Services and the California Department of Developmental Services (collectively "Defendants" or "the State") are both involved in administering the provision of support to disabled individuals.

On October 10, 2014, Plaintiffs moved for partial summary judgment as to their First Claim.[1] In their First Claim, Plaintiffs allege that Defendants violated the provisions of the Medicaid Act, 42 U.S.C. § 1396(a)(30)(A) ("Section 30(A)"), by reducing certain payments to the providers of community-based services to the disabled. Plaintiffs contended that because Defendants' reimbursement reductions failed to comply with the Medicaid requirements, they were patently invalid and accordingly had to be enjoined. Specifically, Plaintiffs sought to enjoin California from continuing to enforce certain mandatory unpaid holidays for providers by way of a "uniform holiday schedule." Plaintiff further sought to prevent the State from continuing to implement its so-called "half day billing" rule, which prevents providers from being reimbursed for a full day of services should a client elect to leave early for whatever reason.

By Memorandum and Order filed February 13, 2015 (ECF No. 185), Plaintiffs' partial motion for summary judgment was granted. The Court reasoned that the Ninth Circuit's decision in <u>ARC of California v. Douglas, et al</u>, 757 F.3d 975 (9th Cir. 2014) (which overruled a previous decision reached in this matter) mandated a permanent injunction preventing Defendants' reimbursement practices from remaining in effect.

Defendants failed to appeal the Court's decision but filed a Motion to Vacate (ECF No. 186) on April 15, 2015. Defendants sought to vacate the permanent injunction and partial summary judgment in Plaintiffs' favor on grounds that an intervening decision from the United States Supreme Court filed on March 31, 2015, fifteen days after this Court granted partial summary judgment as to Plaintiffs' Medicaid Act claim, determined

---

[1] While Plaintiffs allege various claims under both federal and state law, the present Motion pertains only to Plaintiffs' Medicaid Act claims as set forth in the First Claim for Relief.

that the Supremacy Clause of the United States Constitution does not confer a private right of action to compel compliance with Section 30(A) of the Medicaid Act, and that federal courts consequently lack jurisdiction to issue an injunction compelling such compliance.  Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378 (2015).  The Armstrong Court reasoned that "[t]he sheer complexity associated with enforcing § 30(A), coupled with the express provision of an administrative remedy, § 1396c, shows that the Medicaid Act precludes private enforcement of [Section] 30(A) in the courts."  Id. at 1385.  The Court further noted that the language employed by Section 30(A) "reveals no congressional intent to create a private cause of action."  Id. at 1387, citing Alexander v. Sandoval, 532 U.S. 275, 289 (2001).  Consequently, the Supreme Court reversed the Ninth Circuit's decision affirming summary judgment in favor of healthcare providers, who had argued that officials in Idaho's Department of Health and Welfare were reimbursing providers of in-home health care to Medicaid recipients at rates lower than Section 30(A) permitted.  In the wake of the Supreme Court's decision, the Ninth Circuit vacated the injunction issued by the district court with respect to reimbursement levels on grounds that since no private right of enforcement existed, plaintiffs' Medicaid Act claim had to be dismissed for failure to state a claim upon which relief could be granted.  Exceptional Child Center, Inc. v. Armstrong, 788 F.3d 991, 991-92 (9th Cir. 2015).

   This Court denied Plaintiff's Motion to Vacate on grounds that the State failed to timely file an appeal of the permanent injunction issued on February 3, 2015.  Plaintiffs argued that the State's failure to file an appeal of that permanent injunction by March 16, 2015, precluded the State from moving to vacate an injunction it had chosen not to appeal despite the pendency of the Armstrong case before the Supreme Court.  The State did not explicitly counter that argument in its reply papers filed in support of the Motion to Vacate, instead claiming only that "the 'law of the case' doctrine did not apply to an injunction when there [was] intervening Supreme Court precedent."  State's Reply, ECF No. 189, 2:12-14.  Nonetheless, given the State's failure to appeal and in the

absence of any argument from the State that it was not required to do so with respect to the subject permanent injunction, the Court denied the State's Motion to Vacate. ECF No. 193. The State's reliance on Agostini v. Felton, 521 U.S. 203 (1997) appeared inapposite since the facts of Agostini involved a judgment with prospective application, or one that would continue into the future. Consequently, while this Court did correct its injunction to make it clear that it would not continue into the future with respect to any similar reimbursement reductions, it concluded that it was justified in prohibiting the State's then-in-place reductions since no timely appeal had been made before the Supreme Court issued its decision in Armstrong.

        The State now moves for reconsideration of the Court's decision declining to vacate its permanent injunction in its entirety pursuant to Federal Rule of Civil Procedure 54(b). Under that rule, a court order resolving fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id.

        It is undisputed that, while the Court's partial summary judgment and permanent injunction resolved Plaintiffs' Medicaid Act claim, it did not resolve related claims alleging violations of the Americans with Disabilities Act and the Rehabilitation Act. The State cites authority holding that where a permanent injunction was issued before entry of a final judgment, the injunction must be considered an interlocutory order subject to an interlocutory appeal under 28 U.S.C. § 1292(a)(1). Bates v. United Parcel Service, 511 F.3d 974, 984 (9th Cir. 2007); Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1079 (9th Cir. 2004). Moreover, according to the State, a partial summary judgment is also not an immediately appealable order because it does not, by definition, dispose of all claims. American States Ins. Co. v. Dastar Corp., 318 F.3d 881, 884 (9th Cir. 2003).

        As an interlocutory order issued prior to the entry of any final judgment under Federal Rule of Civil Procedure 54(b), the State argues that the Court's order granting partial summary judgment/permanent injunction was subject to either a permissible, interlocutory appeal under 28 U.S.C. § 1291(a)(1) or a later appeal following final

judgment pursuant to 28 U.S.C. § 1291.  Adamian v. Jacobsen, 523 F.2d 929, 931 (9th Cir. 1975).[2]  Therefore the State argues that the Court's reliance on any failure to appeal at this stage of the litigation was in error.

A finding that the State's right to appeal the permanent injunction remained viable, despite its failure to immediately file an interlocutory appeal, is critical since even Plaintiffs appear to concede, in opposition to the State's Motion to Vacate, that if an appeal remained viable at the time the Ninth Circuit decided Armstrong, the Ninth Circuit "would have been obligated to reverse" this Court's permanent injunction as to their Medicaid Act claim.  See Pls.' Opp'n, ECF No. 187, 7:21-23.

Given all the above, the State maintains that reconsideration is warranted under Federal Rule of Civil Procedure 54(b) to correct a clear error or to prevent manifest injustice.  Pyramid Lake Paiute Tribe of Individuals v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989).  Having now reviewed the authority cited by the State, the Court concludes that reconsideration is indeed proper on that basis.[3]  Consequently, since the Supreme Court's holding in Armstrong makes it clear that no private cause of action to enforce Section 30(A) is present, and since the State's failure to file an interlocutory appeal did not waive its appellate rights in that regard, the Court vacates its February 13, 2015 order granting partial summary judgment and permanent injunction in its entirety and instead, in accordance with the Ninth Circuit's direction in Exceptional Child Center, Inc. v. Armstrong, 788 F.3d at 991-92, now dismisses Plaintiffs' Medicaid Act claim in its entirety.

///

///

---

[2] While Plaintiffs take issue with this conclusion, the authority they cite only shows that the Court's order was immediately appealable.  As an interlocutory order, there is no question that this is correct, but the fact remains that the State also had the option of waiting to appeal until the case concluded in its entirety.

[3] While Plaintiffs argue that the State has failed to justify reconsideration under the standard set forth in Eastern District Local Rule 231(j), the Court believes that in the event of potential clear error or manifest injustice, procedural compliance with that Rule is not necessary.

The Court's finding in this regard guides its disposition of the two other related motions also pending before it. Given its conclusion that Plaintiffs' Medicaid Act claim is no longer viable,[4] and since that determination may well affect the viability of Plaintiffs' remaining claims under the Americans with Disabilities Act and the Rehabilitation Act, as well as its claims under state law, it makes sense to grant the State leave to file a motion for summary judgment as to those remaining claims. Judicial economy will be served in the event some or all of the non-Medicaid Act claims can be disposed of through motion, since that would shorten or eliminate the need for trial.

Finally, Plaintiff's Motion for Award of Interim Attorney's Fees necessarily fails at this juncture given the Court's ruling in Plaintiffs' favor must now be vacated. Any award of attorney's fees in this matter must wait until the case has been adjudicated in its entirety.

In sum, then, the State's Motion for Reconsideration (ECF No. 194) is GRANTED. Plaintiff's First Claim, for violation of the Medicaid Act, is now dismissed for failure to state a viable claim, and the Court's February 13, 2015 injunction as to Plaintiffs' Medicaid Act claims is dissolved in its entirety. The State's Request for Leave to File Motion for Summary Judgment (ECF No. 199) is also GRANTED. The State may file a Motion for Summary Judgment not later than thirty (30) days from the date this Order is electronically filed. Finally, Plaintiff's Motion for Award of Interim Attorney's Fees (ECF No. 196) is DENIED.[5]

///
///
///
///

---

[4] While the Court recognizes Plaintiffs' argument that the Ninth Circuit has already decided that Defendants must comply with Section 30(1) in reducing Medicaid payment levels, that does not detract from Armstrong's directive that private enforcement of Section 30(A) in federal court is now prohibited in the first place. That standing determination is completely separate from any decision on the merits.

[5] Because oral argument would not have been of material assistance, the Court ordered all three motions submitted on the papers in accordance with Local Rule 230(g).

1       The Court will issue an order setting forth any remaining dates in this matter,
2 including dates for trial and a final pretrial conference, once any additional dispositive
3 motion has been ruled upon.
4       IT IS SO ORDERED.
5 Dated: August 26, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE